JUSTICE NELSON
dissents.
¶60 I dissent from the Court’s decision on Issue 1; accordingly, I would neither reach nor address Issue 2.
¶61 I cannot agree that § 46-16-702, MCA, is ambiguous. To the contrary, when the three subsections of this statute are read together, it is perfectly clear that the trial court has no authority to order a new trial in a criminal case absent a timely, written motion by the defendant. The Court’s analysis and interpretation of this statute are legally insupportable.
¶62 Section 46-16-702, MCA, provides:
*186 Motion for a new trial. (1) Following a verdict or finding of guilty, the court may grant the defendant a new trial if required in the interest of justice.
(2) The motion for a new trial must be in writing and must specify the grounds for a new trial. The motion must be filed by the defendant within 30 days following a verdict or finding of guilty and be served upon the prosecution.
(3) On hearing the motion for a new trial, if justified by law and the weight of the evidence the court may:
(a) deny the motion;
(b) grant a new trial; or
(c) modify or change the verdict or finding by finding the defendant guilty of a lesser included offense or finding the defendant not guilty.
¶63 It is evident from even a cursory reading of this plain and unambiguous language that, for the statute to make any sense as a whole, subsection (1) must be read in conjunction with subsections (2) and (3). Subsections (2) and (3) refer to “the motion for a new trial.” Obviously, “the motion” is what authorizes the corut to grant a new trial under subsection (1). Only by ignoring basic English syntax and grammar can one reach the conclusion that subsections (2) and (3) stand alone; without subsection (1), “the motion” has no antecedent reference. The majority is flat wrong in reading subsection (1) apart from the requirements of subsections (2) and (3) of § 46-16-702, MCA. As even the title of the statute indicates, the three subsections are bound integrally to the defendant’s motion.
¶64 Moreover, contrary to the majority opinion, subsection (1) contains no explicit or implicit grant of authority to the trial court to order a new trial sua sponte. First, under our code of criminal procedure, where the legislature has determined to give the district court power to act on its “own motion,” it has plainly provided this authority by explicit statutory language. See, for example: §§ 46-8-115(1); 46-9-108(2); 46-11-701(2); 46-13-202(2); 46-13-401(1); 46-14-222; 46-16-403; 46-16-604; 46-18-247(1); 46-19-202(3); 46-21-105(1); and 46-23-506(4), MCA. Just as clearly, had the legislature chosen to grant the district court the authority to order a new criminal trial on the court’s own motion, it would have explicitly set out that power in § 46-16-702, MCA. In point of fact, the legislature did not grant the district court the power to order a new trial under § 46-16-702(1), MCA, absent a predicate defense motion timely filed, and, given the *187 aforementioned scheme of our criminal procedure code, it is improper that we here presume the existence of such a power from the non-existence of language specifically authorizing it. Indeed, we must infer exactly the opposite.
¶65 Second, finding no explicit language in § 46-16-702, MCA, to support its determination that the District Court can grant a new trial sua sponte, the majority states in summary fashion that the court has “inherent” power to order a new trial. Notably, it cites no Montana statutory or constitutional authority in support of this conclusion, conceding, as it must, that none exists.
¶66 Rather, the Court advances the novel proposition that unless the legislature specifically prohibits a court from exercising a certain power (or, in the words of the majority, unless the legislature “usurps” the court’s power) then the court has “inherent” authority to act. This rationale turns our entire code of criminal procedure on its head. This code is based upon legislative direction as to how the court is to proceed and what the tribunal is authorized or directed to do at various stages of a criminal investigation and prosecution. The code of criminal procedure is not premised upon the concept that the court, drawing on some undefined reservoir of “inherent” power, can act in any way it chooses subject only to legislative limitation of those choices.
¶67 While certainly a court may exercise those powers inherent in or that derive from powers which are specifically granted by the constitution or by statute, that is a far different and much narrower concept than what is being declared here — i.e., that a court’s power to act is limited only to the extent that the legislature passes a specific law prohibiting the act. Aside from the fact that the majority cites no authority for this sweeping concept of “inherent” power, what authority exists is not even consistent with this view.
¶68 In Clark v. Dussault (1994), 265 Mont. 479, 878 P.2d 239, we observed that the concept of inherent power is codified at § 3-1-113, MCA, “which provides that when jurisdiction is conferred on a court or judicial officer, all the means necessary for the exercise of that jurisdiction are also given.” Clark, 878 P.2d at 243. Based upon long-standing precedent, we then went on to point out that a court’s exercise of this inherent power is limited to situations where “established methods fail or an emergency arises.” Clark, 878 P.2d at 243 (citations omitted).
*188 ¶69 Indeed, before embracing this expansive view of of inherent power, the majority would do well to recall our statement in State v. Bonner (1950), 123 Mont. 414, 214 P.2d 747:
Judicial power as contra-distinguished from the power of the law has no existence. Judicial power is exercised by means of courts which are the mere creations and instruments of the law, and independent of the law the courts have no existence. The law precedes the courts. The law governs the courts. Thus it is the function of the courts to expound and administer law in those causes properly brought before them in course of legal procedure.
Bennett, 214 P.2d at 753.
¶70 The majority’s perverse and unsupported notion that a court inherently can exercise any power not specifically prohibited by the legislature aside, the fact is that, in the matter at issue, the legislature has established the method by which a new trial can be granted by a court in a criminal case. And, as pointed out above, this method— set forth in § 46-16-702, MCA — unambiguously requires that the request for a new trial come from the defendant by written motion filed within a time certain. The legislature having, thus, clearly established the law (and absent the law being unconstitutional), neither the district court nor this Court may imply authority in excess of that conferred by the statute on the basis of some amorphous and ill-defined concept of “inherent” power.
¶71 Finally, the majority’s citation to secondary authorities, to the statutes and decisions of other jurisdictions (none of which involve language remotely akin to § 46-16-702, MCA), and to § 46-1-103, MCA, (a statute which, as to the specific issue here, is meaningless in its generality), only points up how far afield the Court has had to travel in its attempt to justify a statutory construction that finds no support in the plain language of the statute itself.
¶72 Indeed, while the majority criticizes the State for not focusing on the entirety of § 46-16-702, MCA, it is not the State, but this Court which tears apart the fabric of the statute so as to construct from whole cloth an interpretation justifying the trial court’s patently unauthorized ruling. In doing so, the majority wholly ignores the most fundamental rule of statutory construction:
Role of the judge — preference to construction giving each provision meaning. In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted. Where there are *189 several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all.
Section 1-2-101, MCA. It is ironic, indeed, that the Court cites this same statute as authority for its opinion, for in violation of § 1-2-101, MCA, the majority has inserted into § 46-16-702, MCA, a provision allowing the district court to order a new trial sua sponte and it has failed to read subsections (1), (2) and (3) of § 46-16-702, MCA, pari materia. Worse, it has accomplished this feat by manufacturing ambiguity in § 46-16-702, MCA, where absolutely none exists.
¶73 As to Justice Trieweiler’s concurrence, while he makes a valid point about the trial court effectively preempting Brummer’s ability to move for a new trial under § 46-16-702, MCA, we have already established a precedent, limited in scope, which deals with this sort of problem. In State v. Barrack (1994), 267 Mont. 154, 882 P.2d 1028, we dealt with a situation where the defendant filed an untimely motion for a new trial and the district court, treating this motion as a petition for post-conviction relief, heard and eventually denied the motion. On appeal the State argued that the court erred in considering the untimely new trial motion and that it should simply have been summarily denied. Barrack, 882 P.2d at 1031. We agreed that the defendant’s motion was untimely and that the trial court erred in treating it as a petition for post-conviction relief. Notwithstanding, we ruled that because of the court’s improper treatment of this motion, Barrack was effectively lulled into curtailing any effort to directly appeal his case, and, thus, technically forfeited his right to appellate review. On these unique facts and because of the court’s error prejudicing the defendant’s right to pursue a statutory remedy, we affirmed the court’s decision to rule on the merits of Barrack’s untimely new trial motion. Barrack, 882 P.2d 1031-32.
¶74 The same procedure could — and should — be followed here. It would be a simple matter for the majority to rule that, because the District Court wrongfully preempted Brummer’s right to move for a new trial by ordering a new trial, sua sponte, the Court would address the merits of whether a new trial should have been granted or not (presuming that the defendant would have moved for one himself). Barrack is authority for doing precisely that. Were we to follow that approach in the case at bar, there would be no need to engage in misreading the statute, in finding ambiguity where none exists, and in granting trial courts power that they do not have. There would, in short, be no need to throw out the baby with the bath water, as the majority has done here.
*190 ¶75 I would hold that, under § 46-16-702, MCA, a district court may not grant a motion for new trial in a criminal case absent a timely, written motion by the defendant. I dissent from the Court’s failure to do so.
CHIEF JUSTICE TURNAGE and JUSTICE GRAY concur in the foregoing dissent.